IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RANDALL WARD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-01170-STA-jay |
| MARTIN FRINK, | ) ) ) |
| Respondent. | ) ) |

ORDER DISMISSING CLAIMS,
GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION,
DENYING MOTION TO EXPEDITE AS MOOT,
AND
DIRECTING CLERK TO SEND FORM

Petitioner Randall Ward has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The pleading is before the Court for initial review. *See Rules Governing Section 2254 Cases in the United States District Courts* ("Rules"), Rule 4. Petitioner has also filed a motion to expedite ruling on his claims. (ECF No. 6.) For the following reasons, the claims are **DISMISSED,** Petitioner is **GRANTED LEAVE** to file an amended petition, and the motion is **DENIED** as moot.

I. Background

In 2018, a Madison County, Tennessee, jury convicted Ward of possession of cocaine with the intent to sell and deliver and possession of illegal drug paraphernalia. (ECF No. 1 at 17.) Petitioner was sentenced to a term of imprisonment of "10 yrs and 11 months & 29 days consecutive." (*Id.* at 1.) His direct and post-conviction appeals were unsuccessful. (*Id.* at 18, 22.) On August 8, 2022, Ward filed the Petition in this Court, asserting three grounds for relief.

II.     Claim 1

In Claim 1, Petitioner challenges the "validity of the search warrant" on the ground that it "did not identify the confidential informant which violated [his] right to face his accuser." (ECF No. 1 at 5.) If Petitioner means to challenge the warrant on Fourth Amendment grounds, the claim cannot be brought in this federal habeas proceeding.

A Fourth Amendment claim is not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim in the first instance. *Stone v. Powell*, 428 U.S. 465, 494 (1976). "The Sixth Circuit Court of Appeals utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court[.]" *Reynolds v. White*, No. 02-71201, 2003 WL 22387586, at *11-12 (E.D. Mich. Sept. 23, 2003) (citing *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000)). "First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek,* 213 F.3d at 952 (internal quotation marks omitted).

Ward has not asserted that Tennessee does not have a mechanism by which he could have raised a Fourth Amendment challenge. But even if he had, such an argument would be without merit. *See Gray v. Rose*, 627 F. Supp. 7, 12 (M.D. Tenn.), *aff'd sub nom. Gray v. Attorney Gen. for State of Tenn.*, 779 F.2d 50 (6th Cir. 1985) (discussing numerous procedural mechanisms under Tennessee law for raising a Fourth Amendment issue). He also does not assert that the state's mechanism failed and therefore frustrated his efforts to raise the issue. Claim 1 is thus non-cognizable.

It may be that Petitioner means to challenge a failure of the prosecution to reveal the informant's identity prior to trial. *See United States v. Moore,* 954 F.2d 379, 381 (6th Cir. 1992)

2

("An informant must be disclosed . . . upon a showing by the defendant that disclosure is essential to a fair trial."). If that is his intent, the claim is not well pleaded.

Rule 2 requires a petitioner to state the nature of his claims and present supporting facts. Rule 2(c). "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Malone v. Lee*, No. 2:17-cv-02913-MSN-tmp, ECF No. 31 at PageID 1795 n.7 (W.D. Tenn. May 4, 2020) (citing *Rice v. Warden*, No. 1: 14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted).

Here, Petitioner has not provided facts that would support a claim that the State improperly failed to disclose the informant's identity prior to trial. Claim 1 is therefore not well pleaded in this regard.

   III.    Claims 2 and 3

Petitioner asserts in Claim 2 that a codefendant "pleaded guilty to possession of the cocaine and paraphernalia that was found on her person." (*Id.* at 6.) In the space provided on the § 2254 petition form requiring "supporting facts," Ward wrote: "The record shows she did plead guilty." (*Id.*) In Claim 3, he maintains that "[t]he court relied upon testimony not found in the record on appeal." (*Id.* at 8.) In support, he alleges simply "The Court's opinion pg. 2 paragraph 4." (*Id.*)

It is not possible to discern from these statements the exact errors of fact or law Petitioner is attempting to raise in Claims 2 and 3. In particular, Ward has not identified violations of federal law or alleged supporting facts from which such violations could be inferred. The claims are therefore not well-pleaded.

In sum, Claim 1 is non-cognizable to the extent it asserts a Fourth Amendment challenge to the search warrant. The claim is insufficiently pleaded if Petitioner means to assert that the

prosecution improperly failed to disclose the informant's identity prior to trial. Claims 2 and 3 are likewise not well-pleaded. All claims are therefore **DISMISSED**.

Nevertheless, the Court **GRANTS** Petitioner **LEAVE** to replead his claims. If he wishes to do so, he must file an amended petition on the Court's form within twenty-eight days of entry of this order. If additional time is needed to prepare the pleading, Petitioner may file a motion for an extension of time on or before the due date of the amended petition. Failure to file an amended petition will result in dismissal of the Petition without further notice. The Clerk is **DIRECTED** to send Petitioner a § 2254 form.

The motion to expedite ruling is **DENIED** at moot.

**IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                CHIEF UNITED STATES DISTRICT JUDGE
                                                Date: September 21, 2022