IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL WARD, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:22-cv-01170-STA-jay |
| MARTIN FRINK, | ) ) ) | |
| Respondent. | ) | |

**ORDER DISMISSING CLAIMS,
GRANTING PETITIONER LEAVE TO FILE SECOND AMENDED PETITION,
AND
DIRECTING CLERK TO SEND FORM**

Petitioner Randall Ward has filed an amended *pro se* habeas corpus petition (the "Amended Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The pleading is before the Court for initial review. *See Rules Governing Section 2254 Cases in the United States District Courts* ("Rules"), Rule 4. For the following reasons, the claims are **DISMISSED,** and Petitioner is **GRANTED LEAVE** to file a second amended petition.

On August 8, 2022, Ward filed his original Petition in this matter. (ECF No. 1.) On preliminary review of the pleading, the Court dismissed the claims but granted Petitioner leave to file an amended petition to cure pleading deficiencies. (ECF No. 7.) Ward filed the Amended Petition on October 12, 2022. The following is a verbatim recitation of his claims:

> Claim 1: The Petitioner is currently in the unlawful custody of corporate state agents in violation of the Constitution, U.S. Codes and U.S. Treaties.
>
> Supporting facts: The Petitioner was held in the unlawful custody of the state officials prior to the reasonable determination based upon facts that the petitioner was found guilty and convicted of any "crimes."

>Claim 2: The Petitioner has exhausted the required remedies available in the State Courts of Tennessee.
>
>Supporting facts: The record clearly shows that the petitioner did exhaust all of the required remedies available on the state court level and is entitled to habeas relief.
>
>Claim 3: This action is a direct result from a State Court decision that constituted an unreasonable misapplication of clearly established state & federal law.
>
>Supporting facts: The state officials failed to apply well established state and federal law which constituted an unreasonable misapplication of established law.
>
>Claim 4: The state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.
>
>Supporting facts: In this case, the court's decision was based upon an unreasonable determination contrary to the facts and evidence presented before the court.

(ECF No. 8 at 5-10 (headings modified).)

Rule 2 requires a petitioner to state the nature of his claims and present supporting facts. Rule 2(c). "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Malone v. Lee*, No. 2:17-cv-02913-MSN-tmp, ECF No. 31 at 27 n.7 (W.D. Tenn. May 4, 2020) (citing *Rice v. Warden*, No. 1:14-cv-732, 2015 WL 5299421, at *4 (S.D. Ohio Sept. 9, 2015) (dismissal under Rule 2(c) appropriate where pleadings contain unintelligible and conclusory allegations and statements) (citations omitted).

Claim 2 does not allege a violation of federal law, but merely asserts that Petitioner has exhausted his claims. Ground Two therefore does not state a claim and is **DISMISSED**.

As for the remaining claims, Ward has not provided supporting facts. Instead, he simply restates each ground's general assertion. It is therefore not possible to discern the exact errors of fact or law Petitioner is attempting to raise in Claims 1, 3, and 4. In particular, Ward has not identified which federal laws, specifically, he believes were violated. Nor has he alleged

2

supporting facts from which specific violations could be inferred.  The claims are therefore not well-pleaded and are **DISMISSED**.

Nevertheless, the Court **GRANTS** Petitioner **LEAVE** to replead his claims.  If he wishes to do so, he must file a second amended petition on the Court's form within twenty-eight days of entry of this order.  If additional time is needed to prepare the pleading, Petitioner may file a motion for an extension of time on or before the due date of the second amended petition.  Failure to file a second amended petition will result in dismissal of the Amended Petition and the case without further notice.[1]  The Clerk is **DIRECTED** to send Petitioner a § 2254 form.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson  
S. THOMAS ANDERSON  
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 17, 2022

---

[1] Petitioner is advised that his failure in the second amended petition, if filed, to cure the pleading deficiencies will likely result in dismissal of the case without further opportunity to replead.