IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **RANDALL WARD,** )  )   Petitioner, )  ) v. )  ) **MARTIN FRINK,** )  )   Respondent. ) | No. 1:22-cv-01170-STA-jay |

**ORDER CONSTRUING DOCUMENT AS MOTION FOR RECONSIDERATION,
DENYING MOTION,
AND
GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED PETITION**

Petitioner Randall Ward has filed a document styled "Response to Court Order Dismissing Petitioner's Claims with Regards to the Initiated Writ of Habeas Corpus. (ECF No. 13.) The Court **CONSTRUES** the document as a motion for reconsideration (the "Reconsideration Motion") of the Court's order dismissing the 28 U.S.C. § 2254 petition (the "Petition"). For the following reasons, the motion is **DENIED**. Petitioner is **GRANTED** an extension of time to file a second amended petition.

Ward filed the Petition on August 8, 2022. Upon preliminary review, the Court found that Claim 1 was non-cognizable or, in the alternative, not adequately pleaded, and that the remaining claims were likewise insufficiently pleaded because they were merely conclusory and unsupported by specific supporting facts. (ECF No. 7.) The Court therefore dismissed the Petition, but granted Petitioner leave to file an amended petition. Ward filed his Amended Petition on October 12, 2022. (ECF No. 8.) The Court conducted a preliminary review of that pleading and determined that Petitioner again failed to provide factual support for his conclusory

allegations. (ECF No. 11). Ward was granted leave to file a second amended petition within twenty-eight days.

Petitioner did not file such a pleading. Instead, he submitted his Reconsideration Motion. Therein, he "challenges the Court's intentions concerning its ministerial duty to entertain an application for a writ of habeas corpus[.]" (ECF No. 13 at 1.) More to the point, he argues that the Court should not have dismissed the Petition because "exhibit B" to that pleading "disclos[ed] all supporting facts from which specific violations could be reasonably inferred." (*Id.* at 2.) In "exhibit B," which was appended to the Petition, Ward merely reiterated his conclusory allegations and insisted that "the Appellate Record and Briefs clearly disclose[] the facts and evidence presented in this matter; see Appellate Technical Record and Briefs." (ECF No. 1 at 24.) The Court assumes that Petitioner's argument in his Reconsideration Motion is that the Court should have undertaken the task of reading the state court record (which has not yet been filed) to discover the bases for his claims.

Ward's position is not well taken. For one thing, the time for seeking reconsideration of the Court's order dismissing the Petition has passed. Indeed, Petitioner's filing of the Amended Petition has mooted his request. For another, the Court is not required to infer the factual grounds for Petitioner's conclusory allegations or to comb the state court record in search of factual support. The Reconsideration Motion is therefore **DENIED**.

Ward is nevertheless **GRANTED** an extension of time to file a second amended petition. Petitioner must use this district's form and file the pleading within twenty-eight days of entry of this order. If a further extension of time is needed, Petitioner must file an extension motion on or before the due date. Failure to file a second amended petition will, without further notice, result in dismissal of the case without prejudice.

**IT IS SO ORDERED**.

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                           Date: March 14, 2023