IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| RANDALL WARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:22-cv-01170-STA-jay |
| | ) |
| MARTIN FRINK, | ) |
| | ) |
| Respondent. | ) |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, DISMISSING GROUND ONE, AND**
**DIRECTING RESPONDENT TO FILE THE RECORD AND A LIMITED RESPONSE**

On August 8, 2022, Petitioner Randall Ward, Tennessee Department of Correction ("TDOC") prisoner number 559102, an inmate now incarcerated at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254.[1]  (ECF No. 1.)  On September 21, 2022, the Court dismissed the claims as not cognizable or inadequately pled under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and granted Ward leave to amend his petition.  (ECF No. 7.)

On October 12, 2022, Ward filed an amended petition.  (ECF No. 8.)  On January 17, 2023, the Court dismissed the claims as not alleging a violation of federal law or as inadequately pled

---

[1] The proper respondent to a habeas petition is the petitioner's custodian TTCC Warden Vince Vantell.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004).  *See* Tennessee Department of Correction, Trousdale Turner Correctional Center (tn.gov) (last visited June 18, 2024).  The Clerk shall record the respondent as TTCC Warden Vince Vantell and shall terminate all references to Martin Frink as the respondent.

under Habeas Rule 2.  (*See* ECF No. 11.)  The Court allowed Ward leave to replead his claims.  (*Id.* at PageID 82.)

On March 7, 2023, Ward filed a document styled "Response to Court Order Dismissing Petitioner's Claims with Regards to the Initiated Writ of Habeas Corpus" (*see* ECF No. 13), which the Court construed as a motion for reconsideration and denied.  (ECF No. 14.)  The Court granted Ward an extension of time to file an amended petition and allowed Ward twenty-eight (28) days from the entry of the Order on March 14, 2023, to file his amended petition.  (*Id*. at PageID 100.)  On October 17, 2023, the Court granted Ward an additional extension of time of twenty-eight (28) days from the Order to file his second amended petition.  (ECF No. 16 at PageID 104, 106.)  On November 14, 2023, Ward filed his second amended petition.  (ECF No. 17.)  On April 30, 2024, the Court dismissed the claims as not cognizable and inadequately pled and again granted Ward leave to amend his petition.  (ECF No. 18.)  On June 17, 2024, Ward filed a third amended petition.  (ECF No. 21.)

A federal court may immediately dismiss a petition if it concludes that "the petition is frivolous, or obviously lacking in merit" on its face.  *See* 28 U.S.C. § 2243; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).  Habeas Rule 4 says: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In Ground One, Ward alleges that the warrant for search and seizure was invalid, unlawful, and defective.  (ECF No. 21 at PageID 152.)  He says that the warrant does not state facts that constitute probable cause, list the defendant's address, or follow procedure.  (*Id.*)  Ward contends

that the affidavit of complaint does not allege any actual criminal behavior that he committed or any contraband seized.  (*Id.*)

To the extent Ward challenges the search warrant on Fourth Amendment grounds, the claim cannot be brought in this federal habeas proceeding.  A Fourth Amendment claim is not cognizable on collateral review as long as the defendant had a "full and fair" opportunity to litigate the claim in the first instance.  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  "In analyzing whether such a claim is cognizable on habeas review, a reviewing court must determine 'whether the state procedural mechanism, in the abstract, presents the opportunity to raise a [F]ourth [A]mendment claim' and 'whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'"  *Parker v. Fender*, No. 21-3363, 2021 WL 4771845, at *2 (6th Cir. Sept. 13, 2021) (quoting *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000)).

Ward has not asserted that Tennessee does not have a mechanism by which he could have raised a Fourth Amendment challenge.  *See Wheeldon v. Campbell*, No. 16-2054, 2017 WL 3165083, at *2 (6th Cir. Mar. 6, 2017) ("reasonable jurists could not debate the district court's conclusion that Wheeldon's Fourth Amendment claim is not cognizable in a federal habeas corpus proceeding" where he does not allege he was denial a full and fair opportunity to litigate his Fourth Amendment claim).  But even if he had, such an argument would be without merit because Tennessee's procedural mechanism provides an opportunity to raise a Fourth Amendment claim. *Grogger v. Genovese*, No. 16-5486, 2017 WL 11621229, at *2 (6th Cir. Feb. 15, 2017); *see Gray v. Rose*, 627 F. Supp. 7, 12 (M.D. Tenn.), *aff'd sub nom. Gray v. Attorney Gen. for State of Tenn.*, 779 F.2d 50 (6th Cir. 1985) (discussing numerous procedural mechanisms under Tennessee law for raising a Fourth Amendment issue).  Ward also does not assert that the state's mechanism failed

and therefore frustrated his efforts to raise the issue.[2]  Ground One is not cognizable and is **DISMISSED**.

In Grounds Two and Three, Ward alleges that his counsel erred in not pursuing a motion to suppress evidence related to the search and arrest warrants. (ECF No. 21 at PageID 153-56.) It is **ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a limited response/answer to Grounds Two and Three of the third amened petition (ECF No. 21) within twenty-eight (28) days. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).[3]  For each claim, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

---

[2] Ward has previously challenged the search warrant because it did not identify the confidential informant or the drugs that were found and because the affidavit did not show probable cause. (ECF No. 7 at PageID 42; *see* ECF No. 17 at PageID 112.) These claims were dismissed as not cognizable. (ECF No. 7 at PageID 42; ECF No. 18 at PageID 140.)

[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed June 18, 2024).

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the remaining claims in the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the third amended petition (ECF No. 21) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

It is **ORDERED** that the Clerk mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 20, 2024